**ST. LOUIS COUNTY, Missouri,**
**Plaintiff/Appellant,**

v.

**B.A.P., INCORPORATED,**
**Defendant/Respondent.**

No. ED 77383.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 22, 2000.

Michael S. Shuman, Clayton, for appellant.

Murray A. Marks, St. Louis, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

St. Louis County ("County") appeals the judgment of the St. Louis County Circuit Court denying its motion for contempt against B.A.P., Incorporated ("B.A.P."). The County contends the circuit court erred in finding that because the retail value of B.A.P.'s adult oriented items was less than twenty-five percent of all merchandise offered for sale, they were not conducting an adult business as defined by section 1003.167(17) of the St. Louis County Revised Ordinances. We reverse and remand.

The stipulated facts are as follows. B.A.P. operates a business known as California Exotic Novelties ("Novelties"). Among other merchandise, Novelties sells adult oriented video tapes, digital video disks, magazines, and artificial sexual organs. Novelties's adult oriented product constitutes twenty percent of their total merchandise for sale. Novelties is located within one thousand feet of a church.

The St. Louis County Revised Ordinances prohibit any adult business from being located within one thousand feet of the property line of any church. Section 1003.167.17 SLCRO 1974. In addition, the ordinances define an adult business as

> any business which offers its patrons goods of which a substantial portion are adult oriented items or services relating to such items. Any business where more than twenty-five (25) percent of the retail value of merchandise offered for sale consists of adult oriented items shall be presumed to be an adult business.

*Id.*

Previously, the County had sought an injunction to prevent Novelties from operating as an adult business. The circuit court granted the injunction, and this court upheld the injunction and found the County's ordinances constitutional. *St. Louis County, Missouri v. B.A.P., Inc.*, 18 S.W.3d 397 (Mo.App.2000). After Novelties continued operation, the County filed a motion for civil contempt, alleging that Novelties was operating as an adult business within one thousand feet of a church while having a substantial amount of adult oriented items for sale or rent. The circuit court denied the motion for contempt, finding as a matter of law a business must have "at least 25% of its retail value of merchandise offered for sale [as adult oriented products] to be presumed to be an 'adult business.'" The circuit court explained that since the retail value of Novelties's adult oriented items was less than twenty-five percent of its total merchandise for sale, it was not conducting an adult business as defined by the ordinances. This appeal follows.

■ In its sole point relied upon, the County contends the circuit court erroneously applied the law in determining that because Novelties had a retail value of its adult oriented items less than twenty-five percent of its sales, it was not conducting an adult business as defined in the ordinances. The County argues the circuit court employed the incorrect definition of "adult business" by relying upon the reference to "twenty five percent (25%) of the retail value of merchandise offered for sale." The County contends this is merely a rebuttable presumption and Novelties should be held in violation of the ordinance so long as a "substantial portion" of its merchandise is adult oriented.

■ In reviewing a court tried case, the judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously

declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.1976). Statutory construction is a matter of law, not fact. *Zitzman v. Lohman,* 917 S.W.2d 617, 618 (Mo.App.1996). The decision appealed from is therefore within this court's province of independent de novo review, and no deference is given to the trial court's determination of law. *Martinez v. State,* 24 S.W.3d 10 (Mo.App.2000).

▉▉▉ Provisions of an entire legislative act must be construed together and, if reasonably possible, all provisions must be harmonized. *State v. Sledd,* 949 S.W.2d 643, 646 (Mo.App.1997). A statute must not be interpreted narrowly if such an interpretation would defeat the purpose of the statute. *State ex rel. Whiteco v. Bowers,* 965 S.W.2d 203, 207 (Mo.App.1998). Moreover, it is presumed every word, clause, sentence and provision of a statute have effect; conversely, it will be presumed idle verbiage or superfluous language was not inserted into a statute. *Hyde Park Housing Partnership v. Director of Revenue,* 850 S.W.2d 82, 84 (Mo. 1993).

The ordinance specifically defines adult business as "any business which offers its patrons goods of which a substantial portion are adult oriented items or services relating to such items." Section 1003.167.17. We cannot assume the county council intended this language to be meaningless or perfunctory. The statement that any business where more than twenty-five percent of the retail value of merchandise offered for sale consists of adult oriented items shall be presumed to be an adult business merely sets forth a rebuttable presumption that does not alter the clear mandate of the ordinance, namely that a substantial portion of the goods must be adult oriented. *B.A.P., Inc.,* 18 S.W.3d at 415. Therefore, in order to show a business is operating as an adult business, one must show that a "substantial" portion of the goods offered are adult oriented items or services relating to such items as defined in the ordinance. If one

can show that more than twenty-five percent of the retail value of the merchandise offered for sale consists of adult oriented items, a presumption is established that the business is operating as an adult business. If this twenty-five percent threshold is not met, no presumption is established, and the evidence must be evaluated according to the "clear mandate" of the ordinance, namely whether a "substantial" portion of the goods are adult oriented items or related services.

We note a similar approach has been taken by the Missouri legislature in state statutes. Section 238.365 RSMo (Supp. 1999), covering violations of toll collection regulations, provides that photo monitoring system evidence showing that a driver of a vehicle has failed to pay a toll shall raise a rebuttable presumption that the motor vehicle shown in the photographic evidence was used in violation of the law. However, the absence of photo monitoring system evidence does not preclude conviction under the statute; a written report or telephone call from a toll enforcement officer or law enforcement officer is admissible to enforce the law. *Id.* Section 375.1195.1(1) RSMo (1994), covering transfers made by insurance companies prior to liquidation, defines a "preference" as a transfer made by an insurer to a creditor within *one year* before the filing of a successful petition for liquidation. (emphasis added). The statute provides any person acting on behalf of the insurer who knowingly participates in giving any preference when he or she has reasonable cause to believe the insurer is or is about to become insolvent at the time of the preference shall be personally liable to the liquidator for the amount of the preference. Section 375.1195.10(1) RSMo (1994). Although there exists a rebuttable presumption that the individual will be personally liable if the transfer was made within four months before the date of the filing of the liquidation petition, there is no indication that an individual could not be held personally liable so long as the transfer was made

"knowingly," within the one year time period, and with reasonable cause to believe the insurer is or is about to become insolvent. *Id.*

The ordinance at bar defines an adult business as any business which offers its patrons goods of which a substantial portion are adult oriented items or services relating to such items. Although the County will not be given the benefit of the presumption, the judgment is reversed and the case is remanded for determination of whether Novelties is operating as an adult business as defined by the ordinance.

WILLIAM H. CRANDALL Jr., J., concurs.

JAMES R. DOWD, J., concurs.