In the
United States Court of Appeals
For the Seventh Circuit

Nos. 00-2496 & 00-3141

TIMOTHY J. MILLER and LESA K. MILLER,
individually and as trustees of the
Timothy Joseph Miller Living Trust,
dated August 11, 1994, and any subsequent
amendments thereto,

Plaintiffs-Appellants,

v.

WILLOW CREEK HOMES, INC., an Illinois
corporation, DAVID F. BAKES, an individual,
CHERI A. BAKES, an individual, and
SHOWCASE HOMES, an Indiana corporation,

Defendants-Appellees.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 2009--Joan B. Gottschall, Judge.

Argued February 27, 2001--Decided May 1, 2001

   Before COFFEY, RIPPLE, and EVANS, Circuit
Judges.

   EVANS, Circuit Judge.  This case, which
involves the sale of a mobile home
alleged to be defective, was born in
state court in 1995 when the purchasers,
whom we will call the Millers, sued
several individuals and entities
allegedly responsible for the substandard
home. After 3 years of litigation in
state court and six amendments to their
complaint, the Millers filed a seventh
amended complaint which added, for the
first time, two federal claims under the
Magnuson-Moss Warranty Act, a remedial
statute designed to protect the
purchasers of consumer goods from
deceptive warranty practices. See Skelton
v. General Motors Corp., 660 F.2d 311
(7th Cir. 1981). With the insertion of
the federal claims, the case was removed
to the United States District Court for
the Northern District of Illinois and
assigned to Judge Joan B. Gottschall.
Later, four of the six claims in the com
plaint--all except the federal Magnuson-

Moss claims--were dismissed, and the dismissal of those claims is not challenged on this appeal.

Next, Showcase Homes, the only remaining defendant in the suit, filed a motion for summary judgment on the Magnuson-Moss claims. The basis for the motion was that Magnuson-Moss applied to consumer goods, not something like a mobile home, which is real property. Briefing on the summary judgment motion was completed in August of 1999. But the Millers then presented a motion for leave to file an eighth amended complaint, and they asked for more time to conduct discovery. Judge Gottschall granted the request for more time, and in December 1999 the Millers filed another motion for leave to file an amended complaint, attaching to it a proposed eighth amended complaint.

In March of 2000 Judge Gottschall decided the pending summary judgment motion in favor of Showcase, determining in a comprehensive, written memorandum opinion that the Magnuson-Moss Act did not apply to the transaction because the mobile home was real property, not a consumer product. The judge's decision eliminated the remaining claims from the case, and then a series of events took place which allow us to resolve this appeal on a very narrow ground. Later that same month, Showcase filed a motion questioning the court's subject matter jurisdiction (we assume to consider the motion to again file a new amended complaint), and in April the Millers filed a motion for reconsideration of the court's grant of summary judgment on the dismissal of the federal claims.

During the hearing on the motion for reconsideration, the Millers changed their position. And that's the key event as we see it on this appeal. The Millers' attorney announced that he intended to abandon the Magnuson-Moss claims both in the proposed eighth amended complaint and on appeal. He requested leave to withdraw the motion for reconsideration and asked that the Magnuson-Moss claims be stricken from the proposed amended complaint. We quote counsel's statements on this point:

Attorney for the Millers:  After we . . . filed that motion [for reconsideration], we have changed our mind, and we would like to have leave to

withdraw that motion. In a conference with [my] client yesterday it was decided that we are not going to pursue the Magnuson Moss actions any further, so there's no need to reconsider it. We're not going to be appealing that issue either.

The Court: Okay. Because there was about to be a ruling issued on it.

Attorney for the Millers: I'm withdrawing it. One additional housekeeping matter that flows from that is there's currently a motion on file for leave to file an amended complaint which contains a proposed count 3. The proposed count 3 is based on a violation of the Magnuson Moss Act. In light of the fact that the Court has ruled that Magnuson Moss doesn't apply, we are withdrawing that proposed count 3 in the proposed amended complaint also.

A month later, in May 2000, the court denied the Millers' motion to file an eighth amended complaint and entered a final judgment dismissing all claims against Showcase. The Millers, now changing course once again, appeal the dismissal of the Magnuson-Moss claims.

A waiver, which can be either expressed or implied, is an intentional relinquishment of a known right. See Havoco of America, Ltd. v. Sumitomo Corp. of America, 971 F.2d 1332 (7th Cir. 1992). Here, the requirements of waiver are easily satisfied. In open court, the Millers' attorney announced that he had conferred with the Millers and that they decided not to proceed with the Magnuson-Moss claims. He then took three affirmative steps, showing unambiguously that the Millers voluntarily wished to forego an appeal. He withdrew the motion for reconsideration, notified the court that he would not appeal the summary judgment order, and requested that the Magnuson-Moss claims be stricken from the proposed eighth amended complaint.

The Millers would have us ignore the clear statements of their intent announced by their attorney in open court. But we cannot do so without undermining the fundamental principle that attorneys speak for their clients in court, and once a position is announced, backpedaling on appeal cannot be allowed.

See Anderson v. County of Montgomery, 111 F.3d 494, 503 (7th Cir. 1997) ("It is not up to us to protect attorneys from promises they later don't think they can keep."). Therefore, we hold the Millers to their attorney's word and find a valid waiver of the right to appeal the dismissal of the two Magnuson-Moss claims.

Alternatively, the Millers argue that during the April hearing, the right to appeal was not ripe and could not be waived because the final judgment on the summary judgment decision had not yet been entered. So, they say, there was nothing to waive when counsel's statements were made. This is a shallow argument. In March, the district judge issued a comprehensive summary judgment order disposing of all remaining claims on their merits. The entry of a judgment based on that decision was only a formality. In March, the Millers knew they lost and why. With all issues having been resolved, their decision in April to give up on the Magnuson-Moss claims was one that Showcase and the court could take to the bank.

And by the way, although we need not reach the merits of this dispute, we feel safe saying that neither the Millers nor their counsel made an unreasonable decision to give up trying to resurrect the Magnuson-Moss claims, for it seems doubtful at best that a court would find the mobile home in question to be a consumer product covered by the Act.

AFFIRMED.