**Kenneth HILLERY Plaintiff,**

v.

**GEORGIE BOY MANUFACTURING, INC., et al., Defendants.**

**No. CV–03–02542 PHX HRH.**

United States District Court, D. Arizona.

Oct. 26, 2004.

---

Marshall Meyers, Krohn & Moss Ltd., Phoenix, AZ, for Plaintiff.

Negatu Molla, Esq., Lori Anne Van Daele, Bowman & Brooke, Phoenix, AZ, for Defendants.

## ORDER

HOLLAND, District Judge.

### Motion to Dismiss

Defendant Georgie Boy Manufacturing, Inc. moves to dismiss plaintiff's second amended complaint.[1] This motion is opposed.[2] The motion to dismiss was considered by the arbitrator, who ordered that Georgie Boy's motion to dismiss be denied. This case, however, has been withdrawn from arbitration and the court will make its own determination as regards Georgie Boy's motion to dismiss.[3]

### Facts

Plaintiff is Kenneth Hillery. Defendants are Georgie Boy Manufacturing, Inc., and Workhorse Custom Chassis, LLC.

On or about February 5, 2002, plaintiff bought a 2001 Georgie Boy Pursuit motor home for $65,706.00, "exclusive of all collateral charges incurred at the time of purchase."[4] Plaintiff alleges that the Pursuit suffered from various defects and non-conformities.[5] Plaintiff further alleges that defendants failed to repair the various defects and non-conformities.[6]

1. Clerk's Docket No. 49.

2. Clerk's Docket No. 59.

3. *See* Order re Status Conference (signed on Oct. 5, 2004) (not yet on docket).

4. Second Amended Complaint at 3, ¶ 5, Clerk's Docket No. 44.

5. *Id.* at 3–4, ¶ 9.

6. *Id.* at 4–5, ¶¶ 10–11.

On December 22, 2003, plaintiff commenced this action. The second amended complaint alleges a breach of express warranty claim under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2310(d)(1), against defendants. Georgie Boy now moves to dismiss plaintiff's second amended complaint on statute of limitations grounds.

### Discussion

■ On a motion to dismiss, the court accepts "all factual allegations of the complaint as true and draw[s] all reasonable inferences in favor of the non-moving party." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir.2000). The court may grant a motion to dismiss "on statute of limitations grounds 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999)).

■ The Magnuson–Moss Warranty Act is "a remedial statute designed to protect the purchasers of consumer goods from deceptive warranty practices." *Miller v. Willow Creek Homes, Inc.*, 249 F.3d 629, 630 (7th Cir.2001). The Magnuson–Moss Warranty Act contains no express statute of limitations. Thus, the court must look to the most analogous state statute to determine what statute of limitations to apply to plaintiff's claim against Georgie Boy. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1140 (9th Cir.2000).

■ Georgie Boy contends that the most analogous Arizona statute is the Arizona Motor Vehicle Warranty Act, which is Arizona's "lemon law", and which entitles a consumer to bring a claim arising out of the purchase of a defective motor vehicle. The Act provides for a six months statute of limitations:

> A consumer shall begin an action under this article within six months following the earlier of expiration of the express warranty term or two years or twenty-four thousand miles following the date of original delivery of the motor vehicle to the consumer, whichever is earlier.

A.R.S. § 44–1265(B). Georgie Boy asserts that it provided a one-year limited warranty which provided coverage pursuant to its terms for one year from the date of purchase or the first fifteen thousand miles, whichever occurs first.[7] Thus, Georgie Boy argues that plaintiff's warranty expired no later than February 3, 2003, and that plaintiff had to file its breach of warranty claim on or before August 5, 2003 (six months after the expiration of the one year warranty). Because plaintiff did not file the present action until December 22, 2003, Georgie Boy argues that plaintiff's complaint is barred by the statute of limitations.

The Arizona Motor Vehicle Warranty Act is not the most analogous state statute for a Magnuson–Moss breach of warranty claim. The Motor Vehicle Warranty Act only applies to motor vehicles. The Magnuson–Moss Warranty Act applies to all "consumer goods". *See* 15 U.S.C. §§ 2301–2312. The Arizona statute that is most analogous to a Magnuson–Moss breach of warranty claim is a breach of warranty claim brought pursuant to Chapter 2 of the Arizona Uniform Commercial Code. Chapter 2 of the U.C.C. "applies to transactions in goods". A.R.S. § 47–2102. "Goods" for purposes of Chapter 2 of the

---

**7.** New Recreational Vehicle Limited Warranty at 1, Exhibit 1, Motion to Dismiss Plaintiff's Second Amended Complaint, Clerk's Docket No. 49. The court may consider this exhibit without converting this motion into a summary judgment motion because the warranty was a document referred to in plaintiff's complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).

U.C.C. are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (chapter 8 of this title) and things in action." A.R.S. § 47–2105(A). Thus, a a breach of warranty claim brought pursuant to the U.C.C. is not limited to breaches of motor vehicle warranties because the U.C.C. applies to all goods (including motor vehicles) as that term is defined in the Act. Similarly, a breach of warranty claim brought pursuant to the Magnuson–Moss Warranty Act is not limited to breaches of motor vehicle warranties because the Magnuson–Moss Warranty Act applies to all "consumers goods", including motor vehicles. U.C.C. breach or warranty claims are subject to the four year statute of limitations found in A.R.S. § 47–2725(A), which provides, in pertinent part, that:

> An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.

Other jurisdictions that have considered this question have applied the statute of limitations found in the U.C.C. for a breach of warranty in a contract for sale. *See Murungi v. Mercedes Benz Credit Corp.,* 192 F.Supp.2d 71, 79 (W.D.N.Y. 2001); *Snyder v. Boston Whaler, Inc.,* 892 F.Supp. 955, 960 (W.D.Mich.1994); *Tittle v. Steel City Oldsmobile GMC Truck, Inc.,* 544 So.2d 883, 886 (Ala.1989); *Poli v. DaimlerChrysler Corp.,* 349 N.J.Super. 169, 793 A.2d 104, 111 (2002); *Keller v. Volkswagen of America, Inc.,* 733 A.2d 642, 644 (Pa.Super.1999); *Cosman v. Ford Motor Co.,* 285 Ill.App.3d 250, 220 Ill.Dec. 790, 674 N.E.2d 61, 65 (1996); and *Sernak v. Krenzen Cadillac, Inc.,* 415 N.W.2d 92, 94 (Minn.App.1987).

8. Clerk's Docket No. 49.

Georgie Boy's argument that the statute of limitations from the U.C.C. cannot apply here because plaintiff does not have a cause of action under the U.C.C. is unavailing. The inquiry here is not whether plaintiff can assert a breach of warranty claim under the U.C.C. The inquiry is what state cause of action is most analogous to a Magnuson–Moss breach of warranty claim. The state law cause of action most analogous to a Magnuson–Moss breach of warranty claim is an action for a breach of warranty in a contract for sale. The statute of limitations that applies to such a claim is four years. Plaintiff's claim against Georgie Boy is not barred by the statute of limitations.

### Conclusion

Georgie Boy's motion to dismiss [8] is denied.