**Jammy and Julie EDWARDS,
Plaintiffs/Appellants,**

v.

**HYUNDAI MOTOR AMERICA,
Defendants/Respondents.**

**No. ED 84940.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 3, 2005.

Adam J. Krohn, Kristin M. Liddle, Krohn & Moss, Ltd., Chicago, IL, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Jefferson City, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Jammy and Julie Edwards ("Buyers") appeal the judgment dismissing their claims pursuant to the Magnuson–Moss Warranty Act, 15 U.S.C. sec. 2301 *et seq.* ("Warranty Act"), against Hyundai Motor America ("Seller") as untimely. We reverse and remand.

In September 2001, Buyers purchased a new 2001 model Elantra from Seller. Buyers received a six-year or 72,000 mile bumper-to-bumper warranty on the vehicle. Soon after Buyers took possession, the vehicle began to exhibit various defects, including a malfunctioning transmission, substandard trim, defective brakes and a leaking engine. Despite numerous attempts to repair the vehicle, Seller was unable to cure the defects or repair them as required by the terms of the warranty.

In January 2004, Buyers filed suit alleging three counts pursuant to the Warranty Act, including breach of written warranty, breach of implied warranty of merchantability and revocation of acceptance.

The Warranty Act does not contain its own statute of limitations. When a federal statute creates a cause of action enforceable in state court, state courts are to apply the state statute of limitations governing the state law cause of action most closely analogous to the federal action at hand. *DelCostello v. Int'l Bhd. Of Teamsters,* 462 U.S. 151, 159, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In addition, courts will apply the state time limitation to a cause of action under the federal statute only if it is not inconsistent with federal policy to do so. *Nitcher v. Newton County Jail,* 751 S.W.2d 800, 803 (Mo.App. 1988).

Seller moved to dismiss Buyers' claims as untimely based on the statute of limitations found in Missouri's Lemon Law, sections 407.560 to 407.579 RSMo 2000.[1] The statute of limitations governing claims under the Lemon Law requires a plaintiff to file claims within six months following the expiration of the terms, conditions or limitations of the ex-

---

**1.** All state statutory references are to RSMo 2000.

press warranty or within eighteen months of delivery of the new motor vehicle to the consumer, whichever is earlier, or within ninety days of final action on any informal dispute settlement procedure, if utilized. Section 407.573.3. Buyers urged that the state law cause of action most analogous to the Warranty Act is Missouri's version of the Uniform Commercial Code ("UCC"), which requires a plaintiff to file claims within four years after the cause of action accrued. Section 400.2–725. The trial court agreed with Seller and dismissed Buyers' claims. Buyers appealed.[2]

The issue presented to this court on appeal is an issue of first impression. No Missouri appellate court has previously decided whether the statute of limitations codified in the Lemon Law or Missouri's UCC provisions applies to breach of warranty claims regarding new motor vehicles made pursuant to the Magnuson–Moss Warranty Act. As such, Buyers are asking this court to interpret the Lemon Law.

Construction of a statute is a question of law and does not involve judicial discretion. *Delta Air Lines, Inc. v. Director of Revenue*, 908 S.W.2d 353, 355 (Mo. banc 1995). As such, it falls within this court's province of independent review, and consequently, no deference is given the trial court's determination of the law. *St. Louis County v. B.A.P., Inc.*, 25 S.W.3d 629, 631 (Mo.App.2000). In construing statutes, courts determine legislative intent from the language used and consider words in their plain and ordinary meaning,

recognizing that the law favors a statutory construction that tends to avert an unreasonable result. *Allen v. Public Water Supply Dist. No. 5 of Jefferson County*, 7 S.W.3d 537, 540 (Mo.App.1999). When interpreting a statute, our primary role is to ascertain the intent of the General Assembly from the language used in the statute and, whenever possible, to give effect to that intent. *Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993). Provisions of an entire legislative act must be construed together and, if reasonably possible, all provisions must be harmonized. *B.A.P.*, 25 S.W.3d at 631. A statute must not be interpreted narrowly if such an interpretation would defeat the purpose of the statute. *Id.* Moreover, it is presumed every word, clause, sentence and provision of a statute have effect; conversely, it will be presumed that idle verbiage or superfluous language was not inserted into a statute. *Id.*

◼ In their first point, Buyers argue that the trial court erred in applying the statute of limitations found in Missouri's Lemon Law because the language of the Lemon Law itself makes it clear that claims for diminished value due to breach of warranty are not governed by the Lemon Law. Buyers contend that since the Lemon Law does not include the breach of warranty statutes within its provisions, the four-year statute of limitations for breach of warranty claims provided under the Missouri UCC should apply to their claim for diminished value due to breach of warranty under the Warranty Act. We agree.

2. Seller claims that Buyers' appeal is untimely. We disagree. Although styled as a "Motion for Reconsideration," Buyers' after-trial motion was clearly directed toward what Buyers claimed was an error of law by the trial court and thus should properly be considered as a motion for new trial. *See Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390, 392 (Mo. banc 1993). It is well established

that a party will not be denied substantive review merely because it mislabeled its new trial motion. *Korte Constr. Co. v. Deaconess Manor Ass'n.*, 927 S.W.2d 395, 399 (Mo.App. 1996). A motion for new trial is an authorized after-trial motion which extends the time in which to file an appeal. We hold that Buyers' appeal to this court was timely and we have jurisdiction.

■ Section 407.563 of the Lemon Law, which is titled "Law applicable to breach of new motor vehicle warranties," states that "[t]he provisions of sections 400.2–602 to 400.2–609, RSMo., shall not apply to sales of new motor vehicles and such sales shall be governed by the provisions of sections 407.560 to 407.579." The sections of the Missouri UCC that the Lemon Law refers to only address claims for the rejection and acceptance of goods, the revocation of acceptance, and the assurance of performance. Accordingly, Buyers concede that the Lemon Law, and specifically section 407.573.3, supersedes the UCC with respect to their claim for the revocation of acceptance, and they do not challenge the trial court's dismissal of the third count of their petition.

Buyers argue, however, that the Lemon Law was not intended by the legislature to extend to diminished value damages pursuant to breach of warranty claims. In support of their argument, Buyers point out that sections 400.2–602 to 400.2–609, which are included in section 407.563, do not include the claims for breach of warranty, which are addressed in UCC sections 400.2–313, –314, and 400.2–725. Seller counters by claiming that sections 400.2–313 and –314 set forth only how express warranties and implied warranties of merchantability are created without addressing any remedy for a breach of such warranty. Seller also concedes that section 400.2–725, concerning the statute of limitations in contracts for sale, does address breach of warranty. But it argues that this section was not included in section 407.563 because it is "clear from the plain and ordinary meaning of section 407.563" that the Lemon Law shall apply to all sales of new motor vehicles and that it is presumed that the legislature was aware of the UCC statute of limitation for breach of warranty when it enacted the Lemon Law.

While section 400.2–313 certainly deals with the creation of express warranties by promise, description or sample, section 400.2–314 states that "a warranty that the goods shall be merchantable is implied in a contract for their sale" and deals with what it means for goods to actually be merchantable. Section 407.563 does not supercede the UCC; rather, it merely modifies the notice requirement for establishing breach stated in section 400.2–607 for actions where a new motor vehicle is involved.

The Lemon Law states only that the provisions of sections 400.2–602 to 400.2–609 shall not apply to sales of new motor vehicles, and it does not include, for example, any of the remedies provisions available under the UCC in sections 400.2–711 to 400.2–717. In addition, the Lemon Law provides remedies available to a buyer of a nonconforming motor vehicle only in the form of repair procedures and ultimately the refund of the purchase price or replacement of the vehicle, at the manufacturer's option, but it does not state that it precludes other remedies. The UCC, on the other hand, provides other remedies for breach of warranty on nonconforming goods such as cover damages, incidental and consequential damages, and a measure of damages allowing for the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had they been as warranted. The Lemon Law, by its own terms, only changes the terms and procedures for the remedy of revocation of acceptance. Additionally, section 407.569 states: "Except as provided in subsection (1) of section 407.560, nothing in sections 407.560 to 407.579 shall in any way limit the rights or remedies which are otherwise available to a consumer at law or in equity." Thus, the Lemon Law also specifically states that other remedies are still available and that it does not preclude all other

remedies at law. It is presumed the legislature was aware of all other remedies, and it chose not to limit their application in breach of warranty actions concerning new motor vehicles. It appears the legislature was simply altering the structure of remedies for revocation of acceptance and refund or replacement of the vehicle by limiting the availability of these remedies to only a short period after the vehicle is purchased.

These differences suggest that it was not the intent of the legislature to supercede the UCC in all respects with regard to nonconforming new motor vehicles. Also, nowhere does the Lemon Law reveal that there was an intent to preclude any remedy for breach of the implied warranty of merchantability or any other implied warranties as it speaks only of express warranties. Appellate courts presume the legislature does not enact meaningless provisions, and courts presume the legislature acts with the knowledge of statutes involving similar or related subject matters. *Allen,* 7 S.W.3d at 540. Thus, we do not believe that the Missouri Lemon Law has completely superceded the UCC in Missouri with respect to new motor vehicles because the legislature would have expressly done so had it so intended. Accordingly, we find that the trial court erred in applying the Lemon Law statute of limitations to Buyers' claims for diminished value due to breach of warranty under the Warranty Act.

■ In their second point on appeal, Buyers claim that the trial court erred in applying the statute of limitations found in the Lemon Law because the state statute most analogous to the Warranty Act is the Missouri UCC and not the Lemon Law. Buyers claim that Missouri's UCC is the most analogous state statute to their breach of warranty action brought pursuant to the Warranty Act and that the statute of limitations in the UCC should apply. Buyers further claim that because the Warranty Act applies to all consumer products and the UCC applies to the sale of all goods and thus all warranty breaches, the two are more analogous than the Warranty Act and the Lemon Law, which applies only to new motor vehicles. We agree.

■ Congress enacted the Magnuson–Moss Warranty Act in 1974 to govern written warranties on consumer products. *See Auto. Imps. of American, Inc. v. Minn.,* 871 F.2d 717, 718 (8th Cir.1989). State warranty law lies at the base of all warranty claims under the Warranty Act. *Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1016 (D.C.Cir.1986). The purpose of the Warranty Act is to regulate written warranties on consumer goods and to provide injured consumers with a cause of action against manufacturers who fail to comply with its requirements. *Price v. Freedom Ford, Inc.,* 46 Va. Cir. 129, 131 (1998). The Warranty Act is not limited, like the Missouri Lemon Law, to the warranty requirements of new motor vehicles; rather, it applies to any consumer product. As Buyers argue, there should not be a different statute of limitations for different products under the Warranty Act.

Recently, in *Hillery v. Georgie Boy Mfg., Inc.,* 341 F.Supp.2d 1112, 1115 (D.Ariz.2004), a federal district court held that the cause of action most analogous to a breach of warranty claim under the Warranty Act is an action for a breach of warranty in a contract for sale. The court reasoned that a breach of warranty claim brought pursuant to the Warranty Act applies to all consumer goods and is not limited to breaches of motor vehicle warranties. *Id.* It stated that the Arizona Motor Vehicle Warranty Act is not the most analogous state statute because it only applies to motor vehicles, and the

court applied the statute of limitations from the UCC adopted in the state. *Id.* at 1114; *see also Price,* 46 Va. Cir. at 131 (noting that "[m]ost courts apply the UCC statute of limitations to Magnuson–Moss actions").

Seller claims that the Missouri Lemon Law is the most analogous state statute to the Warranty Act and that its statute of limitations should govern new motor vehicle warranty claims brought pursuant to the Warranty Act. Seller bases its claim on the fact that the Lemon Law deals with the more particular subject matter of new motor vehicle warranties that are at issue in the instant case and it was enacted after both the Warranty Act and the UCC. Thus, Seller argues that the Lemon Law should prevail over the earlier statutes of a more general nature. *See State ex rel. Safety Roofing Systems, Inc. v. Crawford,* 86 S.W.3d 488, 492 (Mo.App.2002) (noting that a chronologically later statute, which functions in a particular way, will prevail over an earlier statute of a more general nature, and the latter statute will be regarded as an exception to or qualification of the earlier general statute when the statutes conflict).

Seller emphasizes that there are many similarities between the Warranty Act and the Lemon Law that neither have in common with the UCC. For instance, both the Warranty Act and the Lemon Law allow for the recovery of attorney's fees, both have provisions referring to informal dispute settlement procedures, both provide for the same remedies to the buyer of repair, replacement, or refund, and both have the similar purpose of protecting the consumer. The UCC, on the other hand, does not allow for the recovery of attorney's fees, does not encourage other dispute settlement procedures, and does not have as its purpose the protection of the consumer.

Although the UCC does not provide for the remedies of repair, replacement, or refund, it does give the buyer other similar remedies in addition to also allowing the buyer to keep the nonconforming goods and have a right to receive payment for the difference in value if the goods were not as warranted. The Warranty Act and the UCC also have in common the fact that they both deal with all goods, while the Lemon Law only applies to new motor vehicles. Another important difference between the Warranty Act and the Lemon Law is that the former provides for a remedy for implied warranties, as does the UCC, while the Lemon Law does not.

Here, the damages Buyers have prayed for under the Warranty Act are very similar to those available under the UCC and are not allowed under the Lemon Law. Buyers chose to file their cause of action under the Warranty Act. They are not asking for a full refund or a replacement vehicle due to Seller's inability to conform the car to the warranty; instead, they want to keep the vehicle and they are asking for the difference in the market value of the car. As Buyers urge, section 407.579 clearly shows that the legislature contemplated that other remedies—that may even have longer statutes of limitation—could be available in certain situations.

More fundamentally, however, Seller's argument fails because applying the statute of limitations found in the Lemon Law to all breach of warranty claims would essentially render virtually all new car warranties fraudulent. Although a dealer may entice purchasers with a promise of a six-year or 72,000 mile bumper to bumper warranty, such a warranty would be a fraud because it would be unenforceable unless suit is filed within eighteen months from delivery of the vehicle. This effect simply could not have been what the legis-

lature intended when it enacted the Lemon Law.

For the foregoing reasons, we hold that the statute of limitations applicable to claims under the Magnuson–Moss Warranty Act in Missouri is the four-year statute of limitations found in section 400.2–725. Thus, the trial court erred in dismissing Buyers' claims for breach of written warranty and breach of implied warranty. We need not discuss the remaining points on appeal because our discussion of Buyers' first two points is sufficient to dispose of the merits of the appeal. The cause is reversed and remanded for further proceedings consistent with this opinion.

LAWRENCE E. MOONEY, P.J., and MARY K. HOFF, J., Concur.