**Mark T. KEANEY, as Personal Representative of the Estate of Robert E. Keaney, Jr., Respondent,**

v.

**TREASURER OF STATE OF MISSOURI, AS CUSTODIAN OF THE SECOND INJURY FUND, Appellant.**

No. ED 100033.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 17, 2013.

Rochelle Reeves, Assistant Attorney General, Jefferson City, MO, for appellant.

Mark T. Keaney, St. Louis, MO, pro se.

## OPINION

ANGELA T. QUIGLESS, Judge.

The Treasurer of the State of Missouri, as custodian of the Second Injury Fund (the "Fund"), appeals the decision of the Labor and Industrial Relations Commission (the "Commission") ordering the Fund to pay a lump sum of $17,251.42 in attorney fees to the estate of Robert E. Keaney, Jr. (the "estate"). In its three points on appeal, the Fund contends that the Commission erred in ordering attorney fees to be paid in a lump sum to the estate because: (1) the Commission lacked the statutory authority to amend the award of attorney fees after the award became final in 1995; (2) commutation of an attorney fee lien is unauthorized under section 287.530;[1] and (3) the award was not supported by sufficient competent evidence of the statutory circumstances that merit commutation. Because we find that the Commission lacked the statutory authority to amend the award, we reverse and remand.

## II. Factual and Procedural Background

On July 28, 1995, the Commission awarded Dale Ernst ("Employee") permanent total disability benefits from the Second Injury Fund. The Commission ordered an attorney fee lien of 25 percent of Employee's compensation award. The Commission also determined that counsel for Employee, Robert E. Keaney, Jr. ("Keaney"), was entitled to a lien for 33.75 percent of the 25 percent total attorney fee lien. Keaney did not appeal the award. The Treasurer paid Employee's permanent total benefits from the Fund on a bi-weekly basis. From 1995 through 2012, Kea-

---

1. All further statutory references are to Revised Statutes of Missouri (RSMo) 2000 up-

ney received his share of each of Employee's bi-weekly benefits payments.

Keaney died on October 26, 2012. His estate filed a motion to commute periodic payments to a present day value lump-sum payment with the Commission. The Commission ordered the Fund "to pay the lump sum of $17,251.42 to [the estate] as and for the remainder of the attorney fees due to Robert E. Keaney Jr. pursuant to [the] July 28, 1995, award." In its order, the Commission stated, "[p]ursuant to the express language of § 287.260, we may order that attorney fees be paid to an attorney in a lump sum or in installments." The Fund appeals.

## III. Legal Standard

This Court must affirm the Commission's decision unless it is not authorized by law or supported by competent and substantial evidence on the whole record. Mo. Const. art. V, sec. 18. Section 287.495.1 provides that an appellate court reviews questions of law and that the Commission's decision should be modified, reversed, remanded, or set aside only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. "Questions of law are reviewed de novo." Pierce v. BSC, Inc., 207 S.W.3d 619, 621 (Mo. banc 2006). "This Court is not bound by the Commission's interpretation or application of the law; therefore, no deference is afforded the Commission's interpretation of a statute." Nance v. Maxon Elec., Inc., 395 S.W.3d 527, 532 (Mo.App.W.D.2012) (citation omitted).

---

dated through the 2013 Cumulative Supplement, unless otherwise indicated.

## IV. Discussion

■ In its first point on appeal, the Fund argues that the Commission erred in ordering attorney fees to be paid in a lump sum pursuant to section 287.260. Specifically, the Fund contends that the Commission lacked the statutory authority to amend the award of attorney fees in that the underlying award became final in July 1995 and cannot be revised. We agree.

■ "As an administrative tribunal, the Commission is a statutory creation and has only that authority given by legislative enactment." *Buescher v. Missouri Highway and Transp. Comm'n,* 254 S.W.3d 105, 108 (Mo.App.W.D.2008). Under section 287.260, the Commission may allow reasonable attorney fees as a lien on compensation and "order the amount thereof paid to the attorney in a lump sum or in installments." However, "[u]nder section 287.495, the final award of the Commission is conclusive and binding on the parties unless either party appeals the award to the appellate court within thirty days." *Nance,* 395 S.W.3d at 534. Attorneys may directly appeal an unreasonable attorney fee lien pursuant to section 287.495. *Page v. Green,* 758 S.W.2d 173, 174–75 (Mo.App. S.D.1988). After a final award has been entered, the "Commission essentially lacks statutory authority . . . [and] cannot reconsider or modify an award." *Nance,* 395 S.W.3d at 534–35.

On July 28, 1995, the Commission determined that Keaney was entitled to an attorney fee lien to be paid in installments. Keaney did not appeal the award. Accordingly, it became final thirty days after issuance pursuant to section 287.495. In April 2013, more than 17 years later, the Commission granted his estate's motion to commute the periodic fees to a lump sum payment and credited section 287.260 as authority for its modification. Although we find that section 287.260 allowed the Commission to determine the reasonableness of the lien and the manner of payment in 1995, we note that the plain language of the statute does not provide further authority to modify the fees after the award became final.

■ "Worker's compensation law is entirely statutory, and when interpreting the law, we ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and, if possible, give effect to that intent." *Honer v. Treasurer of State,* 192 S.W.3d 526, 529 (Mo.App.E.D. 2006) (citation omitted). "Provisions of an entire legislative act should be construed together and, if reasonably possible, all of its provisions must be harmonized." *Edwards v. Hyundai Motor Am.,* 163 S.W.3d 494, 497 (Mo.App.E.D.2005). "[T]he law favors a statutory interpretation that tends to avert an unreasonable result." *Id.*

We construe the Commission's authority to grant an attorney lien and determine the manner of payment under section 287.260 in conjunction with the finality limits under section 287.495. Although no temporal limits to the Commission's authority are expressly stated in 287.260, under section 287.495 the final award of the Commission is conclusive and binding unless appealed within thirty days. Thus, because the award was final in 1995, the Commission no longer had authority in 2013 to commute the payment of attorney fees. We further observe that it would be unreasonable to interpret section 287.260 as granting the Commission the authority to revise a final award of attorney fees when it lacks the authority to modify final employee compensation awards unless a statutory exception applies. *See Nance,* 395 S.W.3d at 535 (listing the statutory exceptions to the finality of an employee's compensation award that provide the Commission with statutory authority to amend a final judgment).

■ Lastly, we note that section 287.530 supplies a statutory exception to

the finality of an award that permits the Commission to commute compensation under limited circumstances. Section 287.530.1 provides in relevant part:

> The compensation provided in this chapter may be commuted by the division or the commission and redeemed by the payment in whole or in part, by the employer, of a lump sum ... if it appears that the commutation will be for the best interests of the employee or the dependents of the deceased employee, or that it will avoid undue expense or undue hardship to either party....

The estate conceded on appeal that section 287.530 does not directly apply and we agree. As this provision expressly pertains to the commutation of *compensation* payable by an *employer* to the *employee* or deceased *employee's* dependents, and there is no request for that specific relief here, we do not find that section 287.530 provides a basis for amending the award of attorney fees. *See* section 287.800 ("[R]eviewing courts shall construe the provisions of this chapter strictly.").

Thus, we conclude that the Commission lacked jurisdiction to grant the relief sought by Keaney's estate. Point One is granted.

As Point One is dispositive of the appeal, we decline to address the Fund's Points Two and Three.

## V. CONCLUSION

The decision of the Commission is reversed and the cause remanded to the Commission for entry of an order consistent with this opinion.

MARY K. HOFF, P.J., and KURT S. ODENWALD, J. Concurs.