# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-01580-SCT

*TERRI BROOME AND PAUL BROOME*

*v.*

*GENERAL MOTORS, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/16/2013 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SHIREEN HORMOZDI |
| | ERIC KACZANDER |
| ATTORNEY FOR APPELLEE: | PAUL V. CASSISA, JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 08/14/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., CHANDLER AND KING, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     In today's case, this Court is presented with an issue of first impression: whether Mississippi Code Section 63-17-159(6) (Rev. 2013), the Motor Vehicle Warranty Enforcement Act, or Mississippi Code Section 75-2-101 (Rev. 2012), *et seq.* (the Uniform Commercial Code, the "UCC") is the most analogous state statute to the federal Magnuson-Moss Warranty Act for the purposes of determining the statute of limitations for Magnuson-Moss Act claims filed in Mississippi.

¶2.     The trial court found that the Motor Vehicle Warranty Enforcement Act was the most

analogous state law to the Magnuson-Moss Act and dismissed the plaintiffs' claim as barred by the statute of limitations. As discussed below, Mississippi's UCC is the most analogous state statute to the Magnuson-Moss Act. Therefore, the trial court erred in dismissing the plaintiffs' claim.

## FACTS AND PROCEDURAL HISTORY

¶3. Paul and Terri Broome ("the Broomes") purchased a 2010 Chevrolet Equinox from a Chevrolet dealership in April 2010. The vehicle came with a three-year or 36,000 mile warranty. According to the Broomes, the vehicle had various defects which they attempted to have repaired through the dealership. When the dealership was unable to fix the defects, in December 2011, the Broomes filed suit against the manufacturer of the vehicle, General Motors, for breach of written and implied warranty under the Magnuson-Moss Act.

¶4. General Motors then filed a motion to dismiss the Broomes' complaint, alleging that their claims were barred by the statute of limitations. Because the Magnuson-Moss Act does not have a statute of limitations, the statute of limitations of the most analogous state law applies. The County Court of the First Judicial District of Jackson County found that the most analogous state statue is the Motor Vehicle Warranty Enforcement Act; which requires an action to be brought either one year after the expiration of the express warranty, or eighteen months after the delivery of the vehicle to the consumer, whichever is earlier. *See* Miss. Code Ann. § 63-17-159 (Rev. 2013). Because the Broomes filed suit more than eighteen months after delivery of the vehicle, the trial court granted General Motors' motion to dismiss. The Broomes appealed to the Circuit Court of Jackson County, and the circuit court affirmed the judgment of the county court. The Broomes now appeal to this Court.

2

## ANALYSIS

### 1.    Introduction

¶5.    The Broomes present one issue on appeal: whether Section 63-17-159(6) or Section 75-2-101, *et seq.* is the most analogous state statute to the federal Magnuson-Moss Warranty Act for the purposes of determining the statute of limitations for Magnuson-Moss Act claims in Mississippi.

¶6.    The Magnuson-Moss Act is a federal private cause of action for breach of warranty and service contract obligations.  15 U.S.C. § 2301, *et seq*.  The Magnuson-Moss Act does not contain a specific statute of limitations.  When a federal law creates a cause of action but does not include a statute of limitations, the statute of limitations contained in the most analogous state law applies.  *See **Del Costello v. Int'l Bhd. of Teamsters***, 462 U.S. 151, 103 S. Ct. 2281 (1983).  If Mississippi Code Section 63-17-159 – the Motor Vehicle Warranty Enforcement Act – is the most analogous state statute to the Magnuson-Moss Act, the claims presented in the Broomes' complaint are barred.  If Mississippi Code Section 75-2-101, *et seq.* – the UCC – is the most analogous state statute, the claims are not barred because the UCC's six-year statute of limitations applies.

### 2.    Trial Court's Findings

¶7.    The trial court in today's case found that the most analogous state statute to the Magnuson-Moss Act is Mississippi's Motor Vehicle Warranty Enforcement Act.[1]  In support

---

[1] It should be noted that cases from other jurisdictions discussing similar state statutes refer to such statutes as "Lemon Laws."  For purposes of clarity and continuity with the statute's title, Sections 63-17-155 to -165 are referred to by their title – the Motor Vehicle Warranty Enforcement Act.

of its motion to dismiss, General Motors cited ***Wheeler v. Chrysler Motors Corporation***, 1996 WL 408059 (N.D. Miss. 1996). In ***Wheeler***, the Northern District of Mississippi was presented with the same issue which is on appeal today, and the district court found that the statute of limitations in the Motor Vehicle Warranty Enforcement Act applied. ***Id.*** at *1. ***Wheeler*** is the only Mississippi case – state or federal – that addresses the present issue. ***Wheeler***, however, cites ***Lowe v. Volkswagen of America, Inc.***, 879 F. Supp. 28 (E.D. Penn. 1995); and ***Lowe*** held that the UCC – not Pennsylvania's Lemon Law – was most analogous to the Magnuson-Moss Act. Further, ***Wheeler*** does not contain analysis comparing the Motor Vehicle Warranty Enforcement Act and Mississippi's UCC to the Magnuson-Moss Act. ***Wheeler***, 1996 WL 408059, at *1. The Magnuson-Moss analysis in ***Wheeler*** reads, in full:

> *Magnuson-Moss Act claim*. The Magnuson-Moss Act does not contain an express limitations period; therefore, federal courts must apply the time limit of the most analogous state statute, here, the Motor Vehicle Warranty Enforcement Act. ***Lowe v. Volkswagen of America, Inc.***, 879 F. Supp. 28 (E.D. Pa. 1995). As set out above, that statute of limitations runs eighteen months after date of delivery of the vehicle. This claim, likewise, is time-barred, and summary judgment will be granted as to any claim under the Magnuson-Moss Act.

***Id.*** Because ***Wheeler*** is conclusory and appears to incorrectly cite ***Lowe***, it is not instructive for the issue presented to this Court today. As such, a complete analysis of the Motor Vehicle Warranty Enforcement Act and UCC is necessary.

**3.      Standard of Review**

¶8.      The issue presented in today's case requires this Court to interpret the UCC and the Motor Vehicle Warranty Enforcement Act. The interpretation of statutes is a question of

4

law; thus, a *de novo* standard of review is applied to today's case. **Miss. State Univ. v. People for the Ethical Treatment of Animals, Inc.**, 992 So. 2d 595, 606 (Miss. 2008).

**4.    Motor Vehicle Warranty Act, UCC, and Magnuson-Moss Act**

¶9.    The Motor Vehicle Warranty Enforcement Act applies to motor vehicle purchases and provides consumers with remedies when "the manufacturer or its agent cannot conform the motor vehicle to any applicable express warranty by repairing or correcting any default or condition which impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts . . . ." Miss. Code Ann. § 63-17-159(1) (Rev. 2013). The remedies provided are either replacement of the motor vehicle or a refund. Miss. Code Ann. § 63-17-153 (Rev. 2013); *see also* Miss. Code Ann. § 63-17-159(1). The Motor Vehicle Warranty Enforcement Act, however, is not intended to preclude other remedies: "nothing in Sections 63-17-151 *et seq.* shall in any way limit the rights or remedies which are otherwise available to a consumer under any other law." Miss. Code Ann. § 63-17-153. The Motor Vehicle Warranty Enforcement Act includes the following statute of limitations:

> Any action brought under Sections 63-17-151 *et seq.* shall be commenced within one (1) year following expiration of the terms, conditions or limitations of the express warranty, or within eighteen (18) months following the date of original delivery of the motor vehicle to a consumer, whichever is earlier . . . .

Miss. Code Ann. § 63-17-159(6) (Rev. 2013). The Act also allows a prevailing consumer to collect attorneys' fees. Miss. Code Ann. § 63-17-159(7) (Rev. 2013). There is little caselaw interpreting the Motor Vehicle Warranty Enforcement Act.

¶10.    Mississippi's UCC is broader in scope than the Motor Vehicle Warranty Enforcement Act and applies to "transactions in goods." Miss. Code Ann. § 75-2-102 (Rev. 2012). While

5

the Motor Vehicle Warranty Enforcement Act applies only to express warranties, the UCC applies to both written and implied warranties. *See* Miss. Code Ann. § 75-2-314 (Rev. 2012). Further, unlike the Motor Vehicle Warranty Enforcement Act, the UCC permits buyers to collect damages for the difference between the contract price and the value of the non-conforming goods:

> The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

Miss. Code Ann. § 75-2-714(2) (Rev. 2012). Buyers also may collect incidental damages under the UCC. Miss. Code Ann. § 75-2-715(1) (Rev. 2012). The UCC contains a six-year statute of limitations. Miss. Code Ann. § 75-2-725 (Rev. 2012). The UCC does not include a provision for the award of attorneys' fees. Mississippi courts have applied provisions of the UCC to breach-of-warranty claims involving the purchase of new motor vehicles. *See Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So. 2d 1024 (Miss. 1982).

¶11. The Magnuson-Moss Warranty Act governs written warranties on consumer products. "The purpose of the [Magnuson-Moss] Warranty Act is to regulate written warranties on consumer goods and to provide injured consumers with a cause of action against manufacturers who fail to comply with its requirements." *Edwards v. Hyundai Motor Am.*, 163 S.W. 3d 494, 499 (Mo. App. 2005) (citing *Price v. Freedom Ford, Inc.*, 46 Va. Cir. 129, 131 (1998)). Like the UCC, the Magnuson-Moss Warranty Act is broad in its application and applies to any consumer product, including motor vehicles. *See id.*

¶12. In today's case, to support its contention that the Motor Vehicle Warranty

Enforcement Act is the most analogous Mississippi statute to the Magnuson-Moss Act, General Motors highlights several similarities between the Motor Vehicle Warranty Enforcement Act and the Magnuson-Moss Act. Specifically, General Motors draws attention to the following:

- The Magnuson-Moss Act and the Motor Vehicle Warranty Enforcement Act both permit the award of attorneys' fees, while the UCC does not. Miss. Code Ann. § 63-17-159(7); 15 U.S.C. § 2310(d)(2).

- The Magnuson-Moss Act and the Motor Vehicle Warranty Enforcement Act both create a cause of action for breach of warranty when a manufacturer cannot comply with an express or written warranty obligation. Miss. Code Ann. § 63-17-157 (express warranty); 15 U.S.C. § 2310(d)(1) (written warranty).

- Both statutes encourage the use of alternate dispute resolution. Miss. Code Ann. § 63-17-163; 15 U.S.C. § 2310(a).

¶13. The Broomes respond to General Motors' comparison by noting similarities between the Magnuson-Moss Act and the UCC and distinguishing the Motor Vehicle Warranty Enforcement Act; specifically:

- The Motor Vehicle Warranty Enforcement Act requires consumers to prove that the vehicle's defect "impairs the use, market value, or safety of the motor vehicle." Miss. Code Ann. § 63-17-159(1). The UCC and Magnuson-Moss Act do not contain such a requirement.

- The Motor Vehicle Warranty Enforcement Act requires that a "reasonable number of attempts" be made to conform the vehicle to the express warranty prior to bringing suit under the statute. Miss. Code § Ann. 63-17-159(3). The UCC and Magnuson-Moss Act do not contain this requirement.

¶14. General Motors contends that the remedies available under the Magnuson-Moss Act are similar to those available under the Motor Vehicle Warranty Enforcement Act

7

(replacement or refund). *See* 15 U.S.C. § 2304(a)(4); *Edwards*, 163 S.W.3d at 500 (The Magnuson-Moss Act provides for the remedies "of repair, replacement, or refund."). The Broomes, however, contend that the remedies available to a consumer under the Magnuson-Moss Act are similar to those in the UCC when the claim is for breach of express limited warranty, which is the Broomes' claim. *See MacKenzie v. Chrysler Corp.*, 607 F. 2d 1162, 1166 (5th Cir. 1979) (quoting Miss. Code Ann. § 75-2-714(2) (Rev. 2012)) (finding that UCC remedy of "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted" is available remedy for Magnuson-Moss claim).

¶15.    Clearly, both the Motor Vehicle Warranty Enforcement Act and the UCC have elements in common with the Magnuson-Moss Act. When other courts have considered the question presented in today's case, they have found consistently that their states' UCC is the most analogous state statute to the Magnuson-Moss Act. In *Edwards*, 163 S.W. 3d at 500, the Missouri Court of Appeals compared Missouri's UCC and Missouri's Lemon Law and found that the UCC was most analogous to the Magnuson-Moss Act because the UCC and the Magnuson-Moss Act both apply to a broad category of any consumer product, rather than only motor vehicles. The court further considered that the Missouri Lemon Law expressly states that it is not intended to "limit the rights or remedies which are otherwise available to a consumer at law or in equity." *Id.* at 498 (quoting Mo. Rev. Stat. § 407.569). Notably, Mississippi's Motor Vehicle Warranty Enforcement Act includes a similar provision. Miss. Code Ann. § 63-17-153. In addition, the court found the Magnuson-Moss Act and UCC were similar because they both provided remedies for implied warranties, while Missouri's

8

Lemon Law does not. *Edwards*, 163 S.W.3d at 500. For comparison, Mississippi's Motor Vehicle Warranty Enforcement Act applies only to express warranties. Miss. Code Ann. §§ 63-17-157 to -159. Finally, the court found that application of Missouri's eighteen-month, Lemon-Law statute of limitations was incompatible with the issuing of new-car warranties:

> Seller's argument fails because applying the statute of limitations found in the Lemon Law to all breach of warranty claims would essentially render virtually all new car warranties fraudulent. Although a dealer may entice purchasers with a promise of a six-year or 72,000 mile bumper to bumper warranty, such a warranty would be a fraud because it would be unenforceable unless suit is filed within eighteen months from delivery of the vehicle. This effect simply could not have been what the legislature intended when it enacted the Lemon Law.

*Id.*

¶16.    Like *Edwards*, in *Hillery v. Georgie Boy Manufacturing, Inc.*, 341 F. Supp. 2d 1112, 1114-15 (D. Ariz. 2004), the district court found that Arizona's UCC – not Arizona's Motor Vehicle Warranty Act – was the most analogous state statute to the Magnuson-Moss Act because the UCC and the Magnuson-Moss Act both apply to all consumer goods, while the Motor Vehicle Warranty Act applies only to motor vehicles. Further, in *Murungi v. Mercedes Benz Credit Corp.*, 192 F. Supp. 2d 71, 78-79 (W.D. N.Y. 2001), the district court found that the New York UCC was the most analogous state statute to the Magnuson-Moss Act because the scope of consumer protection under the Magnuson-Moss Act is similar to that of the UCC. The Eastern District of Pennsylvania in *Lowe*, 879 F. Supp. at 30, held that Pennsylvania's UCC was the most analogous state statute to the Magnuson-Moss Act because both laws concern "rules for warranties of consumer products." *See also Brown v. General Motors Corp.*, 14 So. 3d 104 (Ala. 2009) (recognizing that limitations period in

Alabama's UCC applied to car buyer's Magnuson-Moss Act claim against car manufacturer); *Mydlach v. DaimlerChrysler Corp.*, 875 N.E.2d 1047, 1055 (Ill. 2007) ("In suits brought under the Magnuson-Moss Act, our appellate court, as well as courts in other jurisdictions, generally consider the UCC to be the most closely analogous statute and have borrowed the limitations provisions contained therein."); *Pender v. DaimlerChrysler Corp.*, 2004 WL 2191030, at *4 (Del. July 30, 2004) (finding that the statute of limitations in Delaware's UCC applies to Magnuson-Moss claims); *Poli v. DaimlerChrysler Corp.*, 793 A.2d 104, 181 (N.J. Super. Ct. App. Div. 2002) ("[T]he statutory cause of action that is most analogous to a claim under the [Magnuson-Moss] Act is a breach of warranty claim under the UCC . . . ."); *Keller v. Volkswagen of America, Inc.*, 733 A.2d 642, 644 (Pa. 1999) (finding that UCC statute of limitations applied to Magnuson-Moss claim); *Snyder v. Boston Whaler, Inc.*, 892 F. Supp. 955, 960 (W.D. Mich. 1994) ("[B]orrowing the state Uniform Commercial Code statute of limitations would not frustrate the remedial policies of Magnuson-Moss.").

¶17.    Although this Court has not addressed the specific issue presented in today's case, we have discussed the relationship of the Magnuson-Moss Act and the UCC.  In *Guerdon Industries, Inc. v. Gentry*, 531 So. 2d 1202, 1205 (Miss. 1988), this Court, when discussing an express warranty issued during the sale of a mobile home, stated: "The area of express warranty law is governed by the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C.A. §§ 2301-2312 (1982) . . . and various provisions of the Uniform Commercial Code, as codified under Mississippi Law." In *Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So. 2d 1024, 1027 (Miss. 1982), this Court recognized that the elements of proof for a breach-of-warranty claim under the Magnuson-Moss Act are the same

10

as the elements of proof required for a UCC breach-of-warranty claim. The Fifth Circuit has held that, because the Magnuson-Moss Act "is virtually silent as to the amount and type of damages which may be awarded for breach of an express limited warranty," the measure of damages provided by the UCC is applied to these claims under the Magnuson-Moss Act. *MacKenzie*, 607 F. 2d at 1166 (applying Mississippi law).

¶18. Although the Motor Vehicle Warranty Enforcement Act does share some characteristics with the Magnuson-Moss Act, when the statutes as a whole are compared to the Magnuson-Moss Act, the UCC is most analogous. The UCC and Magnuson-Moss Act are similar in scope, including claims for any consumer product, rather than the Motor Vehicle Warranty Enforcement Act's limited application to motor vehicles. Further, the UCC and Magnuson-Moss Act apply to implied and express warranties; again, the Motor Vehicle Warranty Enforcement Act is limited in its application to only express warranties. Finally, the Motor Vehicle Warranty Enforcement Act expressly states that it does not "in any way limit the rights or remedies which are otherwise available to a consumer under any other law." Miss. Code Ann. § 63-17-153. Thus, the Legislature likely intended for consumers to be able to bring claims similar to the Broomes' for breach of warranty under statutes other than the Motor Vehicle Warranty Enforcement Act.

## CONCLUSION

¶19. For the reasons discussed above, Mississippi's UCC is the most analogous state statute to the Magnuson-Moss Act. As such, the UCC's six-year statute of limitations applies to the Broomes' Magnuson-Moss Act claim. Because the six-year statute of limitations applies, the trial court erred in dismissing the Broomes' claim. Accordingly, we reverse the trial

11

court's judgment and remand the case to the County Court of the First Judicial District of Jackson County for further proceedings.

¶20.    **REVERSED AND REMANDED.**

   **WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR.**