**Richard LOWE**

v.

**VOLKSWAGEN OF AMERICA, INC.**

No. 94–4404.

United States District Court,
E.D. Pennsylvania.

March 14, 1995.

Craig Thor Kimmel, Kimmel & Silverman, P.C., Blue Bell, PA, for plaintiff.

Raymond T. Le Bon, White and Williams, Raymond A. Swan, Philadelphia, PA, for defendant.

**ORDER**

DITTER, District Judge.

AND NOW, this 14th day of March, 1995, defendant's motion for summary judgment is GRANTED with respect to count III but DENIED with respect to all other counts.

In connection with this order I make the following findings:

1. Plaintiff has filed a four-count complaint: count I alleges a violation of The Pennsylvania Automobile Lemon Law, 73 P.S. § 1951 *et seq.;* count II alleges a violation of The Magnuson–Moss Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 *et seq.;* count III alleges a violation of The Pennsylvania Uniform Commercial Code, 13 P.C.S. § 1101 *et seq.* (the UCC); and, count IV alleges a violation of The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1 *et seq.* Jurisdiction is based on diversity of citizenship.

2. Defendant has moved for summary judgment on all counts. It argues that the claims are untimely.

3. On November 30, 1989, plaintiff purchased a 1990 Volkswagen Jetta from Potamkin Springfield. The car came with a limited warranty. As stated in his deposition, by December 27, 1989, plaintiff was aware that his VW was having some engine and starting problems, and the car had already undergone three attempted repairs for assorted problems.[1] He filed the instant lawsuit on July 20, 1994—over four years after purchasing the car and discovering that it had problems.

4. A claim for breach of an implied and an express warranty under the UCC must be brought within four years from the date that the cause of action accrues. 13 Pa.C.S.A. § 2725(a). In this case, the vehicle was covered by both the implied warranty of merchantability that is presumed in most sale-of-goods cases and by an express warranty—the limited written warranty that came with the car. The cause of action for breach of the express warranty accrued when

[1] Defendant argues that although the complaint alleges that the car suffered from a variety of ailments, plaintiff now only pursues the engine and starting problems. Plaintiff has not countered defendant's contention. Therefore, I only consider the engine and starting problems as potential bases for liability.

the breach was, or should have been discovered. *Nationwide Ins. v. General Motors*, 533 Pa. 423, 625 A.2d 1172 (1993). The cause of action for breach of the implied warranty accrued at the time that the vehicle was delivered. *Id.*

5. In view of the fact that by December 27, 1989, plaintiff was aware of his car's problems and that it had already undergone three attempted repairs, the cause of action for breach of the express warranty accrued on that date. Additionally, the cause of action for breach of the implied warranty accrued at the time of tender—November 30, 1989. From this, it is clear that the cause of action for breach of both the implied and the express warranties accrued more than four years before plaintiff commenced this action and, therefore, count III, the UCC count, is time barred.

6. The Lemon Law does not contain an express limitations period. In addition, there has been no reported Pennsylvania case directly addressing the issue. Defendant argues, however, that a four year period ought to apply because the UCC, which itself has a four year period, is the closest statutory authority. To support its argument, defendant cites a footnote from a decision by the Pennsylvania Superior Court in which Judge Cercone found that because the remedy in Lemon Law cases is "analogous to an action for revocation of acceptance under section 2608 of the Uniform Commercial Code, the four year limitations period of the uniform Commercial Code is applicable." *Gabriel v. O'Hara*, 368 Pa.Super. 383, 534 A.2d 488, n. 20 (1987).

7. Plaintiff, on the other hand, asserts: a Lemon Law violation is a *per se* Unfair Trade Law violation; *Gabriel v. O'Hara* stands for the proposition that all claims falling under the Unfair Trade Law are governed by a six year limitations period; therefore, all Lemon Law claims are governed by a six year limitations period.

8. I disagree with plaintiff and conclude that because the Lemon Law is essentially a statutory warranty, a four-year period applies. Nonetheless, summary judgment is inappropriate on count I because under Pennsylvania law, a cause of action does not accrue until a plaintiff could have first maintained his action. A Lemon Law claim cannot be maintained until after there have been a "reasonable number of repair attempts." A genuine issue of material fact exists as to when there had been a reasonable number of repair attempts.

9. Although the Lemon Law provides that "It shall be presumed that a reasonable number of attempts have been undertaken to repair or correct a nonconformity if ... the same nonconformity has been subject to repair three times", 73 P.S. § 1956, this is a rebuttable presumption—not a legal conclusion. Moreover, in the instant case, the record is unclear about when plaintiff brought his car in for the third attempted repair of the engine and starting problems. This uncertainty raises a genuine issue of a material fact. Summary judgment is, therefore, not appropriate on count I.

10. Like the Pennsylvania Lemon Law, the Magnuson–Moss Act does not contain an express limitations period. However, where a federal statute does not contain an express limitations period, federal courts apply the most analogous state statute of limitation. The Magnuson–Moss Act establishes certain rules for warranties of consumer products. Thus, as with the Lemon Law, I find that the Magnuson–Moss Act is most closely analogous to the UCC and, therefore, a four year limitations period applies to it.

11. Although never explicitly stated by either party, it appears that plaintiff is proceeding under section 2304(a)(4) of the Magnuson–Moss Act. This provision echoes the Lemon Law in that a seller must replace or refund the purchase price of the good (in this case a car) after he makes a reasonable number of failed attempts to remedy the defects. As with the Lemon Law claim, a genuine issue as to the material fact of when there had been a "reasonable number of attempts" precludes summary judgment on count II.

12. Actions arising under the Unfair Trade Law may be brought within six years of when the cause of action accrues. *Gabriel v. O'Hara*, 534 A.2d at 493. Sum-

mary judgment is precluded on the Unfair Trade Law claim because this action was started within six years from the date of its accrual.