Mary Frances KELLER, Appellant,

v.

VOLKSWAGEN OF AMERICA,
INC., Appellee.

Superior Court of Pennsylvania.

Submitted March 8, 1999.
Filed June 22, 1999.

Craig T. Kimmel, Ambler, for appellant.

Raymon T. Lebon, Philadelphia, for appellee.

Before ORIE MELVIN, SCHILLER and HESTER, JJ.

SCHILLER, J.:

¶ 1 Appellant, Mary Frances Keller, appeals from an order entered August 6, 1998, in the Court of Common Pleas of Montgomery County. We reverse.

FACTS:

¶ 2 On August 12, 1991, Appellant purchased a new Volkswagen van from Holbert Motor Cars in Warrington, Pennsyl-

vania. In connection with Appellant's purchase, Appellee, Volkswagen of America, Inc., issued two warranties: a Limited New Vehicle Warranty and a Limited Powertrain Warranty. On July 15, 1997, Appellant filed a complaint alleging causes of action under Pennsylvania's Automobile Lemon Law, the Magnuson–Moss Warranty Improvement Act (hereinafter "the MMWA"), the Uniform Commercial Code (hereinafter "the UCC"), and Pennsylvania's Unfair Trade Practices and Consumer Protection Law (hereinafter "the UTPCPL"). Appellant specifically alleged five different documented repairs within the warranty period that, after a reasonable number of attempts, the manufacturer did not effectively repair. She further alleged that the vehicle continued to be in need of repair; in support of her contention, Appellant submitted twenty repair invoices, all dated from December 21, 1993 to February 9, 1996, after the Limited New Vehicle Warranty expired. On April 3, 1998, Appellee filed a motion for summary judgment. On April 6, 1998, the trial court granted Appellee's motion. It is from this order that Appellant appeals.

DISCUSSION:

¶ 3 Appellant raises two issues on appeal: whether the trial court erred in granting summary judgment to Appellee on Appellant's MMWA claim, and whether the trial court erred in granting summary judgment to Appellee on Appellant's UTPCPL claim.[1] Pursuant to Pennsylvania Rule of Civil Procedure 1035.2, any party may move for summary judgment prior to trial, and judgment shall be granted:

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

---

1. Appellant does not appeal her claims under Pennsylvania's Automobile Lemon Law or the UCC.

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issue to be submitted to a jury.

Pa.R.Civ.P. 1035.2. The party moving for summary judgment has the burden of proving the nonexistence of any genuine issue of material fact. *Marks v. Tasman*, 527 Pa. 132, 135, 589 A.2d 205, 206 (1991). The non-moving party may not, however, rest upon the mere allegations or denials in his or her pleading; the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Ertel v. Patriot–News Co.*, 544 Pa. 93, 98, 674 A.2d 1038, 1041–42, *cert. denied*, 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996). An entry of summary judgment may be granted only in cases that are free from doubt, and the evidence must be viewed in the light most favorable to the nonmoving party, with all doubts as to the existence of a genuine issue of material fact resolved against the moving party. *Marks v. Tasman, supra.* On appeal, a trial court's entry of summary judgment may only be overturned if there has been an error of law or abuse of discretion. *Hoffman v. Brandywine Hospital*, 443 Pa.Super. 245, 661 A.2d 397, 399 (1995).

¶4 Appellant first claims that the trial court erred in awarding Appellee summary judgment because Appellant stated a claim for breach of express warranty under the MMWA.[2] The trial court concluded that Appellant's claim was time-barred in that it did not fall within the applicable statute of limitations. To this point, no appellate court in Pennsylvania has addressed what is the appropriate statute of limitations in Magnuson–Moss actions. We hold today that the applicable statute of limitations for such claims is four years.

¶5 The MMWA authorizes civil actions for consumers in state or federal court when suppliers, warrantors, or service contractors violate the provisions of the Act. 15 U.S.C. § 2310(d)(1).[3] It does not, however, contain an express statute of limitations period. Where a federal statute grants a cause of action, but does not include a statute of limitations governing the scope of that statute's application, federal common law requires the court to apply the state statute of limitations governing the state cause of action most closely analogous to the federal claim. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). We find that the state cause of action most analogous to Appellant's MMWA claim is an action for breach of warranty in a contract sale. The most analogous statute of limitations would therefore be the UCC.[4]

---

2. Appellant also argues that Appellee breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. Although Appellant raised such issues in her UCC claim, she did not raise them in the MMWA claim or appeal her UCC cause of action to this Court. We will, therefore, not consider them on appeal.

3. The MMWA specifically states that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief ... in any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1)(A).

4. *See e.g., Lowe v. Volkswagen*, 879 F.Supp. 28 (E.D.Pa.1995) (applying Pennsylvania Uniform Commercial Code's four-year statute of limitations to MMWA claims); *Snyder v. Boston Whaler*, 892 F.Supp. 955 (W.D.Mich.1994) (applying Michigan Uniform Commercial Code's four-year statute of limitations to state MMWA claims); *Cosman v. Ford Motor Co.*, 285 Ill.App.3d 250, 220 Ill.Dec. 790, 674 N.E.2d 61 (1996), *appeal denied*, 172 Ill.2d 549, 223 Ill.Dec. 194, 679 N.E.2d 379 (1997) (applying Illinois Uniform Commercial Code's four-year statute of limitations to state MMWA claims); *Tittle v. Steel City Oldsmobile GMC Truck, Inc.*, 544 So.2d 883 (Ala.1989) (applying Alabama Uniform Commercial Code's four-year statute of limitations to state MMWA claims).

¶ 6 Section 2725 of the UCC provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." 13 Pa.C.S. § 2725(a). The UCC further states the following:

> (b) Accrual of cause of action.—A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

13 Pa.C.S. § 2725(b). Typically, a suit alleging a breach of warranty must be filed four years from the date the seller tendered delivery; both the warranty and the statute of limitations therefore begin to run on the date the vehicle is tendered to the buyer. *Id.* Section 2725, however, provides an exception: where a warranty "explicitly extend[s] to future performance of the goods," a suit alleging its breach must be filed four years from the date the breach was or should have been discovered; in such cases, although the warranty begins to run on the date the vehicle was tendered, the statute of limitations period does not begin until a defect in the vehicle was or should have been discovered. *Id.*

¶ 7 We find that Appellant's warranty falls within the "future performance" exception outlined in section 2725. Appellant purchased the vehicle in question on August 12, 1991. With such purchase, she acquired a two-year/24,000 mile new vehicle warranty.[5] In *Nationwide Insurance Co. v. General Motors Corp.*, our Supreme Court was faced with a similar warranty; it held that a twelve-month/12,000 mile new automobile warranty promising "repairs and needed adjustments" of manufacturing defects fell within the exception outlined in section 2725. 533 Pa. 423, 625 A.2d 1172 (1993). The Supreme Court took a liberal reading of the words "warranty explicitly extends to future performance" and concluded that such language did not require the warranty to make an *express* promise as to how the goods would perform in the future. *Id.* at 431, 625 A.2d at 1176. Rather, the Court reasoned that such a promise could be inferred from the language of the warranty; the fact that the warranty guaranteed repairs "for twelve months or 12,000 miles, whichever occurs first" suggested that it extended to future performance of the vehicle. *See id.* at 429, 625 A.2d at 1175.[6]

¶ 8 We find *Nationwide* analogous to the case *sub judice* and conclude that Appellant's warranty "explicitly extend[ed] to future performance of goods." Therefore, the four-year statute of limitations did not begin to run until Appellant discovered or

---

**5.** In her complaint, Appellant also alleged that Appellee breached a Limited Powertrain Warranty. Although both parties concede the existence of a Limited Powertrain Warranty, a copy of such warranty is not included in the record. It is axiomatic that an appellate court cannot consider anything which is not part of the record. *Smith v. Smith,* 431 Pa.Super. 588, 637 A.2d 622 (1993), *appeal denied,* 539 Pa. 680, 652 A.2d 1325 (1994). The burden to produce a complete record for appellate review rests *solely* with the appellant. *Fox v. Gabler,* 377 Pa.Super. 341, 547 A.2d 399 (1988); *Damiano v. Damiano,* 378 Pa.Super. 106, 548 A.2d 298 (1988). Although Appellant included the warranty in the reproduced record, such inclusion is not an acceptable substitute for the original, certified record. *Smith, supra. See Gemini Equip-*

*ment v. Pennsy Supply,* 407 Pa.Super. 404, 595 A.2d 1211 (1991). Without such information, it is impossible for this Court to determine whether the Limited Powertrain Warranty has been breached, particularly in light of Appellee's argument that it did not cover any of the repairs in question. Accordingly, this claim is waived.

**6.** Not all courts take the same liberal approach to such exception. In *Cosman v. Ford Motor Company, supra,* the Appellate Court of Illinois explicitly rejected our Supreme Court rationale and followed the more narrow approach that such language required the warranty to explicitly state that it extended to future performance. *Id.* at 65.

should have discovered the breach. Appellant purchased her vehicle on August 12, 1991. The Limited New Vehicle Warranty, therefore, extended until August 11, 1993.[7] During that period, Appellant had her vehicle repaired on five separate occasions: August 15, 1991, November 4, 1991, September 16, 1992, September 22, 1992, and May 14, 1993.

¶9 The trial court stated that "even if the [last date] is used as the date when the plaintiff knew or should have known that there was a breach of warranty, [Appellant] failed to file her lawsuit within the four years from that date." Trial Court Opinion, 10/14/98, at 3.[8] Although we agree with the trial court, in situations where there was a series of repair attempts, this Court has invoked the repair doctrine to toll the statute of limitations. *Amodeo v. Ryan Homes, Inc.*, 407 Pa.Super. 448, 595 A.2d 1232, 1237 (1991). Under this doctrine, the statute of limitations will be tolled only where "evidence reveals that repairs were attempted; representations were made that the repairs would cure the defects; and the plaintiff relied upon such representations." *Id.* Moreover, whether the statute of limitations is tolled under the repair doctrine is a question of fact. *See id.*

¶10 Appellant attached twenty additional repair invoices all dated after the warranty period expired; some of those invoices indicated repairs that were arguably similar to those repairs conducted within the warranty period. As we must view the evidence in the light most favorable to Appellant as the non-moving party, we conclude that a genuine issue of material fact exists as to whether the four-year statute of limitations was tolled pursuant to the repair doctrine. We therefore reverse the trial court's order granting Appellee's summary judgment motion in regard to Appellant's MMWA claim.

¶11 Appellant also contends that the trial court erred in dismissing its claim under the UTPCPL. The trial court concluded that Appellant did not provide sufficient facts to establish a UTPCPL violation. We disagree. The purpose of the UTPCPL is to protect the public from fraud and unfair or deceptive business practices. *Johnson v. Hyundai Motor America*, 698 A.2d 631, 638 (Pa.Super.1997), *appeal denied*, 551 Pa. 704, 712 A.2d 286 (1998). It is to be liberally construed in order to effectuate its purpose. *Pirozzi v. Penske Olds–Cadillac–GMC, Inc.*, 413 Pa.Super. 308, 605 A.2d 373, 376, *appeal denied*, 532 Pa. 665, 616 A.2d 985 (1992). A cause of action may be brought under the UTPCPL by the government or by a private individual. 73 P.S. §§ 201–4 & 201–9.2.[9] In order for a private individual to bring a cause of action, that individual must first establish the following: 1) that he or she is a purchaser or lessee; 2) that the transaction is dealing with "goods or services"; 3) that the good or service was primarily for personal, family, or household purposes; and 4) that he or she suffered damages arising from the purchase or lease of goods or services. 73 P.S. § 201–9.2.[10]

¶12 In order to prevail under the UTPCPL, a plaintiff must then prove the following: 1) the defendant was engaged in unfair methods of competition and unfair

---

7. Appellant's warranty specifically stated the following: "The new vehicle warranty period is two years or 24,000 miles *whichever occurs first.*" As of August 11, 1993, Appellant's vehicle had not reached 24,000 miles. We have therefore used the two year limitation as the basis for the warranty period.

8. The trial court determined that September 22, 1992 was the last date on which Appellant brought her vehicle in for repair. However,

our review of the record revealed an invoice dated May 14, 1993.

9. The UTPCPL is governed by a six-year statute of limitations. *Gabriel v. O'Hara*, 368 Pa.Super. 383, 534 A.2d 488 (1987). Appellant's claim was filed within the statute of limitations.

10. A review of the record reveals that Appellant established the requisite elements.

or deceptive acts or practices, and 2) the transaction between plaintiff and defendant constituted "trade or commerce" within the meaning of the UTPCPL. 73 P.S. § 201–3.[11] The UTPCPL defines unfair methods of competition and unfair or deceptive acts or practices, *inter alia*, as follows:

> (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;
>
> * * *
>
> (xiv) Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made;
>
> (xv) Knowingly misrepresenting that services, replacements or repairs are needed if they are not needed;
>
> (xvi) Making repairs, improvements or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing;
>
> * * *
>
> (xxi) Engaging in any fraudulent conduct which creates a likelihood of confusion or of misunderstanding.

73 P.S. § 201–2(4)(vii), (vix), (xv), (xvi), & (xxi). The UTPCPL defines trade and commerce as "the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth." 73 P.S. § 201–2(3).

¶ 13 Upon reviewing the record, we find genuine issues of material fact in regard to at least two of the unfair trade practice methods—subsections 201–2(4)(vii), and (xiv); the twenty-five invoices attached to Appellant's complaint clearly present genuine issues as to 1) whether Appellee misrepresented the quality of both the vehicle and the services provided by Appellee, and 2) whether Appellee breached the new vehicle warranty. Appellant's repair invoices indicated that on three separate occasions—December 13, 1995, December 15, 1995, and January 9, 1996—Appellant complained of her vehicle stalling. It is reasonable to infer that each time Appellant brought her vehicle into Appellee's mechanics complaining of stalling problems, the mechanics informed her that the problem was fixed; the fact that Appellant experienced the same problem two days later, however, suggests otherwise. The invoices further indicated that, on at least four occasions, Appellant complained of problems relating to her air conditioning system. These facts alone present genuine issues of material fact as to whether Appellee misrepresented the quality of both the vehicle and the services provided by Appellee.

¶ 14 Moreover, Appellant acquired a two-year/24,000 mile new vehicle warranty which stated that it covered the following:

> [A]ny repair to correct a defect in material or workmanship except wheel alignment, tire balance and repair or replacement of tires. The repair or replacement of wear and tear items such as brake and clutch friction materials, wiper blades, light bulbs and mechanical and body adjustments are covered for the first 7,500 miles of vehicle use.

Appellant submitted five repair invoices during the two year warranty period, two of which involved the same problem—a defective temperature gauge. Appellee argues that "the fact that a system in a vehicle has to be worked on more than once does not mean that the first repair

---

11. The UTPCPL specifically states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by sub- clauses (i) through (xxi) of clause (4) of section 2 of this act ... are hereby declared unlawful." 73 P.S. § 201–3.

attempt was of inferior quality." Appellee's Brief, at 23. Although we find Appellee's argument plausible, at this stage of the proceedings we conclude that a genuine issue of material fact exists as to whether Appellee failed to fix the problem in the first instance, thereby breaching the warranty. Moreover, whether such a recurring problem constitutes a breach of the new vehicle warranty is an issue to be resolved by the factfinder, not on appellate review. In sum, given our standard of review in summary judgment proceedings—the fact that we must view all the evidence in the light most favorable to Appellant, with all doubts as to the existence of a genuine issue of material fact resolved against Appellee—we find that the trial court abused its discretion in granting Appellee's summary judgment motion in regard to Appellant's UTPCPL claim.

CONCLUSION:

¶ 15 Accordingly, we reverse the order entered August 6, 1998, in the Court of Common Pleas of Montgomery County, dismissing Appellant's MMWA and UTPCPL claims, and remand for further proceedings consistent with this Opinion. Jurisdiction relinquished.